UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOHN NEUPERT                                                    CIVIL ACTION

VS.                                                                          NO. 3:20-CV-0849

GREATER GEORGIA LIFE INSURANCE COMPANY and
DISABILITY REINSURANCE MANAGEMENT SERVICES, INC.

## COMPLAINT

The Complaint of John respectfully alleges:

1. This is a claim for long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **John Neupert**, of lawful age and a resident of Baton Rouge, Louisiana, is a plan participant and beneficiary of an ERISA plan created by his employer, DeltaCom, Inc. and an insured participant of a group disability policy issued by Greater Georgia Life Insurance Company, Inc.

4. Defendant, **Greater Georgia Life Insurance Company ("Georgia Life")**, is a foreign corporation, doing business in Louisiana. Upon information and belief, Georgia Life is incorporated in Georgia and its principal place of business is in the state of Georgia.

5. Defendant, **Disability Reinsurance Management Services, Inc. ("Disability RMS")**, is a foreign corporation, doing business in Louisiana. Upon information and belief, Disability RMS is incorporated in Wilmington, Delaware and its principal place of business is in the state of Delaware.

6. Georgia Life issued a group policy insuring the employees of DeltaCom, Inc. Plaintiff is a beneficiary and insured under the policy.

7. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries.  29 USC Sec. 1104(a)(1).

8. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job on a fulltime basis.  Before Defendants had terminated his disability benefits in 2019, Plaintiff had been out of work receiving disability benefits since 2008.  He suffers from debilitating back and neck pain with radiculopathy.  His doctors have explained that his condition precludes him from performing fulltime work.

9. Two separate functional capacity examinations confirmed that Plaintiff lacks fulltime work capacity.

10. An independent vocational consultant has opined that Plaintiff is unable to perform the job that Defendants claim Plaintiff should be able to perform.

11. Plaintiff is disabled under the terms of the disability policy issued by Georgia Life.

12. Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

13. Defendants wrongfully denied Plaintiff benefits he is entitled to under terms of the disability policy.

14. Plaintiff appealed the denial, but Defendants upheld its previous decision.

15. Defendants' denials are based on insubstantial evidence and are arbitrary and an abuse of any purported discretionary authority.

16. Plaintiff has exhausted his administrative remedies and now files this suit to reverse Defendants' denial of benefits.

17. Defendants have abused any purported discretionary authority by denying Plaintiff's claim for disability benefits.

18. Defendants have wrongfully denied and abused any purported discretionary authority by failing to consider his medical condition in relation to the actual duties of his occupation or the duties of a suitable alternative occupation.

19. Plaintiff has been denied the benefits due to him under the Plan, has suffered, and is continuing to suffer economic loss as a result.

20. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

21. Defendants' denial has required Plaintiff to hire attorneys to represent him in this matter to recover benefits due to him under the Plan.

22. Alternatively, this claim is not governed by ERISA because Plaintiff's disability policy was part of a non-ERISA plan, so Plaintiff's disability claims are governed by Louisiana law.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For costs of suit; and
4. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano

                                                Reagan L. Toledano (La. 29687)  
                                                James F. Willeford (La. 13485)  
                                                201 St. Charles Avenue, Suite 4208  
                                                New Orleans, Louisiana 70170  
                                                (504) 582-1286; (f) (313)692-5927  
                                                rtoledano@willefordlaw.com